**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL CASE NO. PWG-18-330 |
| **STEVEN HADLEY HASSAN,** | * | (Civil Case No.: PWG-20-727)[1] |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Steven Hadley Hassan was initially charged in a Criminal Complaint on June 8, 2018 with production and possession of child pornography, violations of 18 U.S.C §§ 2251(c)(1) and 2252A(a)(5)(B). ECF No. 1. He was subsequently charged in a seven-count indictment on June 14, 2018, as follows: production of child pornography transported to the United States in violation of 18 U.S.C. § 2251(c) (Counts 1 - 3); distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 4); possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) & 2256 (Counts 5 - 7). Indictment, ECF No. 13. And on October 11, 2018, he was charged in a nine-count superseding indictment, which added two counts for sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a) (Counts 8 - 9). Superseding Indictment, ECF No. 29.

On April 4, 2019, pursuant to a plea agreement, Mr. Hassan pleaded guilty to Counts 1 and 2 of the Superseding Indictment, which charged him with production of child pornography transported to the United States. Plea Agreement, ECF No. 44, Rearraignment, ECF No. 43. He was sentenced on August 13, 2019 to 480 months of imprisonment (360 months as to Count 1, and

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

180 months as to Count 2, to run consecutively for 120 months, and concurrently for 60 months), and lifetime supervised release. Judgment, ECF No. 60.

Mr. Hassan now seeks to vacate, set aside, and/or correct the conviction and sentence by the filing of his pending motion under 28 U.S.C. § 2255. Mot. Vacate, ECF No. 64.[2] In his motion, Mr. Hassan asserts four grounds:[3] (1) lack of scienter—he did not "knowingly" transport the photos because he had deleted them prior to returning to the United States; (2) lack of specific intent—he did not take the photos for the "purpose" of producing visual depictions of sexually explicit conduct; (3) ineffective assistance of counsel—attorney advising him to plead guilty to two counts was multiplicitous and violated the Double Jeopardy clause; and (4) the plea was not knowing and voluntary and was ineffective because there was no factual basis for the plea. *Id.* For the reasons discussed below, Mr. Hassan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence or Conviction, ECF No. 64, is DENIED.

## FACTUAL BACKGROUND

Mr. Hassan was formerly a Foreign Service Officer employed by the United States Department of State. Plea Agreement, Stip. Facts, ECF No. 44-1.[4] While he was stationed in government housing in the Philippines and South Africa, beginning in October 2010, he sexually abused his daughter, Jane Doe 1, who was born in November 1997. *Id.* While stationed in the Philippines, he also sexually abused at least four minors and produced pornographic images of two

---

[2] The motion is fully briefed. The Government filed a response in opposition, ECF No. 72. Mr. Hassan filed a reply, ECF No. 73. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021); 28 U.S.C. § 2255(b). I also note that Mr. Hassan recently filed a request for leave to file an amendment to supplement his arguments. Request, ECF No. 77. Under the circumstances, the request is denied as untimely. *See* 28 U.S.C. § 2255 (f).
[3] In his Reply, Mr. Hassan added that there was no probable cause for the search of his social media accounts, home, or devices. Reply at 2-7. Even if I accept this new argument first raised in a reply because Mr. Hassan is acting on his own behalf, this additional claim is procedurally barred as discussed below.
[4] Mr. Hassan agreed that the Statement of Facts was true, and the facts could be proved beyond a reasonable doubt to a jury at trial. Rearraignment Tr. at 33:24-34:7, ECF No. 72-2.

2

of the minors, sisters Jane Doe 2 (born in October 2003) and Jane Doe 3 (born in September 1999). *Id.* Mr. Hassan met the Jane Doe sisters in 2010 in Manila, offered them food from a local restaurant, and then convinced them to go with him in his minivan to a local hotel, where he sexually abused them and took photographs of the abuse on his Sony DSC 3000 camera. *Id.* He again sexually abused Jane Doe 2 on a brief visit to the Philippines in 2015. *Id.*

After November 2015, his tours overseas were completed, and Mr. Hassan brought his Sony camera and the SD card within it back to the United States. *Id.* At some point, he deleted the images of child pornography from the SD card. *Id.* Beginning in October 2014 and continuing until March 2018, Mr. Hassan used an online, computer-based file-sharing network to distribute child pornography and engage in online chats. *Id.* On January 22, 2018, an undercover investigator downloaded thousands of images from the "shared folder" of the file-sharing program that Mr. Hassan had made available for download. *Id.* Thereafter, search warrants were obtained and executed at Mr. Hassan's Maryland residence, where his laptop computer, his Sony DSC 3000 camera, and his memory cards were seized. *Id.* The forensic analysis of these items revealed thousands of images of child pornography, and in the deleted space of the SD flash memory card, there were images of Mr. Hassan with Jane Doe 2 and Jane Doe 3 that had been taken with his Sony camera. *Id.* There were also chats recovered from Mr. Hassan's computer in which he discussed his abuse of Jane Does 1, 2, 3, and others, provided tips about how to meet and abuse minors in the Philippines, and in which he sent the images of Jane Doe 2 and Jane Doe 3 to other users of the online chat program. *Id.*

## STANDARD OF REVIEW

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside, or correct a sentence on the ground that it "was in violation of the Constitution or laws of the United States . . .

3

or that the sentence was in excess of the maximum authorized by law . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the Court may summarily deny the motion without a hearing "if [as here] the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4563376, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978); 28 U.S.C. § 2255(b)).

To prevail on a claim of ineffective assistance of counsel as the alleged Constitutional violation,

> [t]he petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297.

*United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014).

To show prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A probability is reasonable if it is "sufficient to undermine confidence in the outcome." *Id.* Additionally, the defendant must show that "the 'result was fundamentally unfair or unreliable.'" *Lomax*, 2014 WL 1340065, at *2 (quoting *Sexton*

4

*v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993))); *see also Lockhard*, 506 U.S. at 369 ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). If the defendant fails to show prejudice, the Court need not consider the performance prong. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

## DISCUSSION

The scope of issues that can be raised in a § 2255 motion is limited:

> Generally, a petitioner that does not raise issues on direct appeal cannot raise them in a § 2255 collateral attack, as "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant [1] must show cause and actual prejudice resulting from the errors of which he complains," *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999), or he [2] must show "actual innocence," *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).

*Scott v. United States*, Crim. No. RWT-04-235 & Civ. No. RWT 10-3528, 2014 WL 671728, at *2 (D. Md. Feb. 19, 2014). Although Mr. Hassan did not appeal because he agreed in his plea agreement to not appeal, this is not sufficient cause for procedural default. *Id.* Rather, cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice requires the error to have caused "actual and substantial disadvantage." *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). And "to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Mikalajunas*, 186 F.3d at

494. "In cases where the Government has forgone more serious charges in the course of plea bargaining, [a] petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Moreover, to meet his burden, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Mr. Hassan argues that he is actually innocent of violating 18 U.S.C. § 2251(c) because the statute requires that he "knowingly" transport child pornography to the United States, and he had deleted the photos prior to returning to the United States, believing them to be "akin to 'ashes'" with no ability to undelete the images. Mot. Vacate 8-9. He argues that neither his counsel nor the Court properly advised him that the government must prove that he "knowingly" transported the images. *Id.* at 9. Mr. Hassan also argues that his counsel was constitutionally ineffective because he was advised to plead guilty even though he had told counsel that he thought the images had been deleted from his SD card, meaning he did not "knowingly" transport the images to the United States. *Id.* at 9-10. Mr. Hassan cites the elements of § 2251(a), but he pleaded guilty to § 2251(c). Mr. Hassan also cites § 2251(c)(2)(A) as support for his position: "the person INTENDS such visual depiction to be transported to the United States. *Id.* at 14-15 (adding the emphasis to "intends"). I note, however, that § 2251(c)(2) has a part (B), which is stated in the disjunctive, i.e., part (A) ends with "or." Under part (B), there is no intent requirement; a person violates § 2251(c) simply by transporting the images to the United States "by any means." 18 U.S.C. § 2251(c)(2)(B). This is a jurisdictional element, and as stated by the Government in its response, "[b]ecause jurisdictional elements normally have nothing to do with the wrongfulness of the

defendant's conduct, *such elements are not subject to the presumption in favor of scienter*." Resp. 17 (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2195-96 (2019)).

Mr. Hassan also argues that he is innocent of the second element of the statute, specific intent, i.e., that he acted "for the purpose of" producing a visual depiction of the sexual activity. Mot. Vacate at 16-17. He asserts that there is no factual evidence to support the conclusion that he engaged in the sexual activity for the purpose of producing a picture, only that a picture happened to have been taken. *Id.* at 21. However, Mr. Hassan signed his plea agreement, which contained the stipulated statement of facts, and he represented to me under oath that he had carefully reviewed it, that he understood it, and he had entered into it willingly. Rearraignment Tr. 7-8. I reviewed with him the specific charges to which he was pleading guilty and the elements of those charges. *Id.* at 9. Specifically, with regard to the elements of the charges to which Mr. Hassan pleaded guilty, he agreed that the government could prove the following:

> Number one, that you -- in the District of Maryland that you employed, used, persuaded, induced, enticed or coerced any minor to engage in or had a minor assist any other person to engage in any sexually explicit conduct outside the United States.
>
> Second, that you employed, used, persuaded, induced, enticed or coerced any minor to engage in such sexually explicit conduct for the purpose of producing any visual depiction of any such conduct. And third, that you transported the visual depiction into the United States.

*Id.* at 9.

When asked if he understood the elements of proof that the government would have to satisfy if it took the case to trial, Mr. Hassan responded, "Yes, sir, I do." *Id.* at 13. The stipulation of facts was read into the record. *Id.* at 29-33. Mr. Hassan agreed that the facts could be proved to a jury beyond a reasonable doubt. *Id.* at 34. I then asked Mr. Hassan if he would like any further explanations to ensure that he fully understood before entering his plea, and he responded: "No,

sir. I thank you for the great explanation you've given me and I understand it completely." *Id.* He added that the decision to plead guilty was his own voluntary decision. *Id.* Mr. Hassan then pleaded guilty to Counts 1 and 2 of the superseding indictment. *Id.* at 34-35.

Additionally, I concluded that the facts to which Mr. Hassan had admitted could independently establish each of the elements of proof required for Counts 1 and 2, and that he made the decision to plead knowingly, intelligently, and voluntarily. *Id.* at 36-37. Mr. Hassan not only admitted to the sexual abuse of minors, but he admitted that he "had Jane Doe 3 take pictures of the abuse using his camera," and that he himself "using the same camera likewise took photographs of Jane Doe 2 and Jane Doe 3 with their legs spread and genitals exposed in a lascivious manner." *Id.* at 30-31. He also admitted to repeatedly sending the produced images to other users of the child pornography file sharing program. *Id.* at 32-33. These admissions are sufficient to establish that Mr. Hassan acted with specific intent to produce visual depictions, which satisfies the second element of the offense to which he pleaded guilty. *See United States v. Palomino-Coronado*, 805 F.3d 127, 131 (4th Cir. 2015) (noting that circumstantial evidence can show that a defendant acted with purpose, and that "courts do not require that a defendant be single-minded in his purpose to support a conviction").

Importantly, any "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). "[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 222. Here, the record contradicts any suggestion of "actual innocence." Mr. Hassan admitted that he committed the charged crimes, and his admissions of guilt are entitled to significant weight and

8

must be granted "a presumption of truthfulness." *Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003). Therefore, I find that Mr. Hassan has not overcome any procedural default by showing actual innocence.

Nevertheless, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Mr. Hassan argues that his counsel was constitutionally ineffective because he was advised "to plead guilty to multiple counts of production of child pornography in violation of 18 U.S.C. § 2251(c) which resulted in one of the two counts as multiplicitous and thus violated the Double Jeopardy Clause." Mot. Vacate 22.

The right to effective assistance of counsel applies during the plea negotiation process and is governed by the *Strickland* test. *Missouri v. Frye,* 566 U.S. 134, 148 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Ineffective assistance at the plea-bargaining stage requires a showing that but for counsel's deficient representation, the outcome of the plea process would have been different, i.e., there is a reasonable probability that he would not have pleaded guilty. *Hill*, 474 U.S. at 57.

Here, Mr. Hassan fails to establish that his counsel's performance was deficient.  Indeed, at his plea hearing, Mr. Hassan clearly stated he was very satisfied with the assistance he received from his counsel. Rearraignment Tr. 7-8.  Further, counsel was not deficient in failing to advance this argument since courts have ruled that each discreet visual depiction of a minor is a separate offense. *See, e.g.*, *United States v. Esch*, 832 F.2d 531, 541 (10th Cir. 1987) ("[E]ach use of a minor to create a visual depiction constitutes a separate and distinct violation . . . ."); *United States v. Tashbook*, 144 F. App'x 610, 614, 2005 WL 1950878, at *2 (9th Cir. 2005) (agreeing with the Tenth Circuit that each photograph constitutes a separate crime). Moreover, Mr. Hassan has failed

9

to establish that there is any reasonable probability that he would not have pleaded guilty to Counts 1 and 2, or "that such a decision 'would have been rational under the circumstances.'" *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Mr. Hassan was advised that for Counts 1 to 3, there was a mandatory minimum sentence of 15 years and a maximum of 30 years imprisonment. Rearraignment Tr. 4. He was also advised that Count 4 carried a 5-year mandatory minimum and 20-year maximum imprisonment, Counts 5-7 each had a maximum punishment of 20 years imprisonment, and Counts 8-9 carried a maximum punishment of 15 years imprisonment, and all counts included lifetime supervised release. *Id.* at 4-5. By pleading guilty to only Counts 1 and 2, the remainder of the charges were dismissed, and Mr. Hassan accepted that the Court would impose the sentence. *See* Plea Agreement. Now, Mr. Hassan states that "he would have thrown a hail mary at trial." Mot. Vacate 25. His argument that "even the smallest chance of success at trial may look attractive" is not convincing. Accordingly, Mr. Hasan has failed to establish prejudice nor deficient performance.

## CONCLUSION

In summary, Mr. Hassan has not shown that his counsel's performance was constitutionally deficient nor has he demonstrated cause and prejudice, or actual innocence, that would allow his claims to overcome procedural default. Therefore, Mr. Hassan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, and/or Correct Sentence, ECF No. 64, is DENIED.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-256, Crim. No. DKC-08-529, 2013

WL 4562276, at *10 (D. Md. Aug. 27, 2013).  This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"  *Id.*  (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)).  A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits…by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Id.*  (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because Mr. Hassan has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability.  *See id.*; 28 U.S.C. § 2253(c)(2).  *Miller-El*, 537 U.S. at 336-38; *Slack*, 529 U.S. at 484.  However, this ruling does not preclude Mr. Hassan from seeking a certificate of appealability from the Fourth Circuit.  *See* 4th Cir. Loc. R. 22(b)(1).

**ORDER**

For the reasons stated above, it is, this 6th day of December, 2022, hereby ORDERED that

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence or Conviction, ECF No. 64, IS DENIED; and

3. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-18-cr-330 and Civil Action No. PWG-20-cv-727, to MAIL a copy of it to Defendant and the Government, and to CLOSE Civil Action No. PWG-20-cv-727.

_____/S/_____
Paul W. Grimm
United States District Judge